516 P.2d 332

**STATE of Arizona, Appellee,**

v.

**Robert J. STEWART, Appellant.**

**No. I CA–CR 565.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 6, 1973.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Robert J. Stewart, appellant in pro per.

## OPINION

DONOFRIO, Presiding Judge.

Appellant-defendant, Robert J. Stewart, appeals from a judgment of conviction following a trial to the court sitting without a jury of failing and refusing to allow the Sales and Use Tax Division of the State Tax Commission to examine his records pertaining to the operation of his retail business entitled "Bob's Country Store", in violation of A.R.S. § 42–1332(A)(5), and from a fine of $300 imposed thereon. Defendant was engaged in a business, was a license holder, and thus was obliged by the code to report and pay sales tax and to

permit the State to audit his books. The Sales and Use Tax Division attempted several times to arrange an appointment with the defendant in order to examine his records for transaction privilege tax audit purposes, but was unable to do so. Thus, it initiated the aforementioned legal action.

Defendant has raised several questions for review and they will be examined in the order of their presentation.

■ Defendant first contends that his Sixth Amendment rights had been violated by the trial court's denial of his motion for a jury trial. A.R.S. § 42–1332 makes it a misdemeanor for a person engaging in a business in Arizona to fail to permit any lawful examination of any record required to be kept under A.R.S. § 42–1330, as amended 1973.

The maximum punishments prescribed by A.R.S. § 42–1332(B) are three months' imprisonment or a $500 fine, or both. Such maximum penalties do not make the offense with which defendant was charged a "serious" crime within the mandate of the United States Supreme Court's decision in Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 20 L.Ed.2d 491 (1968), requiring a jury trial. cf. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Likewise, the Arizona Supreme Court has held that the question of when a defendant is entitled to a jury trial under Art. 2, §§ 23 and 24 of the Arizona Constitution A.R.S. is governed by substantially the same rules developed under the Sixth Amendment to the United States Constitution. *See*, O'Neill v. Mangum, 103 Ariz. 484, 445 P.2d 843 (1968), wherein the factors of the seriousness of the sentence and whether the crime involved moral turpitude were enunciated, and has suggested that the severity of a sentence is the major factor in determining whether a crime is a "petty" or a "serious" offense.

The Arizona Supreme Court has held that in a case involving a criminal statute with possible incarceration of up to three months, a defendant did not have a right to a jury trial. State v. Cousins, 97 Ariz. 105, 397 P.2d 217 (1964). *See also*, District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). We therefore hold that defendant's Sixth Amendment constitutional rights have not been violated.

■ Defendant next argues that the trial court erred in not allowing him to be represented by someone who was not a member of the State Bar of Arizona. It is axiomatic that a person who is not a member of the Bar of the State of Arizona cannot practice or represent another in any of the State's courts. The trial court correctly denied defendant's motion in this regard.

■ Another contention of defendant is that his trial proceeded improperly in view of his statement that he filed a removal petition in Federal District Court, pursuant to 28 U.S.C. § 1446(e) (1965). Assuming *arguendo* that such a petition was filed, the record reflects that defendant did not meet the mandatory requirements of 28 U.S.C. § 1446(e) of giving notice to the adverse party and of filing a copy of the removal action with the State court presently hearing the matter. Thus, the Superior Court did not lose jurisdiction over the matter, and upon a review of the record we believe that the court properly disposed of the case.

■ Lastly, defendant argues that A.R.S. § 42–1332 violates his constitutional rights under the Fourth and Fifth Amendments to the United States Constitution. In this regard, the United States Supreme Court, in a long line of cases, has established that a person may be required to keep records which must be made available for inspection by the appropriate governmental agency. This line of cases distinguishes between purely private papers, which are subject to the Constitutional guarantees of the Fourth and Fifth Amendments, and documents having public aspects such as those required to be kept by law which are not subject to the prohibitions of the Fourth and Fifth Amendments. Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948); Davis v. United States, 328 U.S. 582, 66

S.Ct. 1256, 90 L.Ed. 1453 (1946). *See also,* United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); 8 Wigmore, Evidence § 2259c (2) (McNaughton rev. 1961). The records sought to be viewed in the instant case were clearly not purely private papers, but ones required to be kept by law, and required to be kept open for inspection by the appropriate governmental authority.

Judgment and sentence affirmed.

OGG and STEVENS, JJ., concur.