**UNITED STATES of America, Appellee,**

v.

**Edward W. YOUNG, Appellant.**

**No. 78–1235.**

United States Court of Appeals, Eighth Circuit.

Submitted June 27, 1978.

Decided June 30, 1978.

---

Thomas A. Mayer, Bismarck, N.D., on brief, for appellant.

James R. Britton, U.S. Atty., Fargo, N.D., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

The sole issue on this appeal is whether the district court's denial of defendant's motion to be assisted by lay counsel at his trial on criminal charges was violative of his right to have the assistance of counsel under the Sixth Amendment to the Constitution of the United States. We affirm the district court.

Appellant Young was indicted (Count V), tried, and convicted by a jury of willfully supplying a false income tax withholding exemption certificate in violation of 26 U.S.C. § 7205.[1] Young moved prior to trial to have the assistance of a layman, Lowell Anderson, as counsel at trial. Young's motion was denied by the trial court. The court, however, appointed competent, experienced counsel to represent Young. Young rejected appointed counsel even though he knew that by refusing to accept the services of an attorney he would have to proceed without counsel. Young chose to proceed pro se.

Appellant now urges that he made it clear to the trial court that he was not competent to represent himself and should have been allowed to have the assistance of lay counsel of his own choosing. It is well established that a criminal defendant has no constitutional right to have an unlicensed attorney or layman represent him. *United States v. Olson*, 576 F.2d 1267 (8th

Cir., 1978); *United States v. Buttorff*, 572 F.2d 619, 627 (8th Cir. 1978); *United States v. Pilla*, 550 F.2d 1085, 1093 (8th Cir. 1977); *United States v. Hinderman*, 528 F.2d 100, 102–03 (8th Cir. 1976).

Appellant argues that a thorough review of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and the historical analysis of the Sixth Amendment on which it premised its ruling (that an accused has a constitutional right to represent himself) provide a compelling basis for holding an accused has a constitutional right to have the assistance of lay counsel. Further, appellant argues that this is particularly true in view of published statements acknowledging the general unavailability of ample numbers of qualified trial lawyers. We disagree. *See United States v. Olson, supra*, at 1269–1270; *United States v. Pilla, supra*, 550 F.2d at 1093; *United States v. Hinderman, supra*, 528 F.2d at 103. *See discussion, United States v. Kelley*, 539 F.2d 1199, 1201–03 (9th Cir. 1976). We also note that the trial court assured appellant that attorney Max Rosenberg, who had been appointed to represent him, was competent, experienced and a man of unblemished integrity. Appellant does not challenge the competency of attorney Rosenberg, but limits his attack to the members of the bar in general. We find his contentions to be without merit.

Affirmed.

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, presiding, imposed a 90 day suspended sentence and placed defendant on probation for one year; a condition of probation required defendant to pay a $500 fine.