715 P.2d 970

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Steven D. BRAKE, Defendant-Appellant.**

**No. 15650.**

Supreme Court of Idaho.

Feb. 24, 1986.

the court *"shall"* order the child to pay restitu-

Steven D. Brake pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

Defendant-appellant Brake was cited for, and following a jury trial was convicted by the magistrate court of, driving with an expired driver's license in violation of I.C. § 49–322. An appeal was taken to the district court, which affirmed the conviction. On this appeal the sole assertion of error raised and argued is that the magistrate court erred in denying Brake the assistance of a non-attorney counsel in his trial before the magistrate court. Brake's theories and arguments are well expressed in his brief, but it is sufficient to say that they are not supported by legal authority. There is no claim here that Brake was indigent and unconstitutionally denied the right to court-appointed counsel, but only that he had a constitutional right to be represented by a non-lawyer in the trial proceedings.

A defendant in a criminal prosecution has a right to counsel, U.S. CONST. amend. VI; IDAHO CONST. art. 1 § 13, and a defendant in a criminal prosecution has the constitutional right to appear pro se. *Faretta v. California,* 422 U.S. 806, 95

tion in such cases.

S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the authorities are unanimous that a defendant in a criminal prosecution has no constitutional right to be represented at trial by a non-lawyer lay counsel. *United States v. Bertolini*, 576 F.2d 1133 (5th Cir. 1978); *United States v. Young*, 578 F.2d 216 (8th Cir.1978); *State v. Stewart*, 21 Ariz.App. 123, 516 P.2d 332 (1973); *Wesley v. Woods*, 42 Or.App. 85, 600 P.2d 421 (1979). *See particularly* the lengthy analysis and authorities cited in *Turner v. American Bar Assn.*, 407 F.Supp. 451 (N.D.Tex.1975).

The order of the district court and the conviction entered by the magistrate court are affirmed.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring.

I concur with the majority, but with some difficulty. While it may be true that the authorities are unanimous in their holding that a defendant in a criminal prosecution has no constitutional right to be represented at trial by a lay counselor, maj. op., p. 971, the majority fails to adequately meet Mr. Brake's argument that (1) if a lay person is entitled to hold the office of judge in Idaho, I.C. § 1–2206,[1] such a person may not represent a party appearing before a lay judge; and (2) how a lay person can represent himself, *see, e.g., Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but not at least counsel and advise parties who need help but cannot afford to retain a licensed attorney.

Mr. Brake argues persuasively. I concur with the majority, however, for the reason stated in my dissent in *State v. Creech*, 109 Idaho 592, 710 P.2d 502, 513–14 (1985), wherein I quoted at length from *Faretta,*

*supra,* the opinions of Chief Justice Burger, and Justices Blackmun and Rehnquist. They argue persuasively why *legal counsel* is constitutionally necessary in criminal cases. Their arguments are equally applicable here. Chief Justice Burger, writing for himself and Justices Blackmun and Rehnquist, wrote:

Although we have adopted an adversary system of criminal justice, see *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)], *supra,* the prosecution is more than an ordinary litigant, and the trial judge is not simply an automaton who insures that technical rules are adhered to. *Both* are charged with the duty of insuring that justice, in the broadest sense of that term, is achieved in every criminal trial. See *Brady v. Maryland*, 373 U.S. 83, 87, and n. 2, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215 (1963); *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). That goal is ill-served, and the integrity of and public confidence in the system are undermined, when an easy conviction is obtained due to the defendant's ill-advised decision to waive counsel. The damage thus inflicted is not mitigated by the lame explanation that the defendant simply availed himself of the "freedom" "to go to jail under his own banner...." *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (CA2 1965). The system of criminal justice should not be available as an instrument of self-destruction.

In short, both the "spirit and the logic" of the Sixth Amendment are that *every person accused of crime shall receive the fullest possible defense;* in the vast majority of cases this command can be honored only by means of the expressly

---

**1.** Section 1–2206(2) reads:

(2) No person shall be eligible for appointment to the office of magistrate unless he is a graduate of a high school or has attained the equivalent of a high school education as indicated by the possession of a certificate of equivalency issued by the state department of education based upon the record made on the general education development test and un-

less he shall have attained the age of thirty (30) years prior to taking office, provided that in addition no person shall be eligible for appointment as an attorney magistrate unless prior to taking office he shall have been admitted to the practice of law for at least five (5) years and is currently licensed to practice law in the state of Idaho.

guaranteed right to counsel, and the trial judge is in the best position to determine whether the accused is capable of conducting his defense. True freedom of choice and society's interest in seeing that justice is achieved can be vindicated only if the trial court retains discretion to reject any attempted waiver of counsel and insist that the accused be tried according to the Constitution. This discretion is as critical an element of basic fairness as a trial judge's discretion to decline to accept a plea of guilty. See *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–499, 30 L.Ed.2d 427 (1971). *Faretta, supra*, 422 U.S. at 839–40, 95 S.Ct. at 2543–44 (emphasis added).

Justice Blackmun, writing for himself, Chief Justice Burger, and Justice Rehnquist, wrote:

> I cannot agree that there is anything in the Due Process Clause or the Sixth Amendment that requires the State to subordinate the solemn business of conducting a criminal prosecution to the whimsical—albeit voluntary—caprice of every accused who wishes to use his trial as a vehicle for personal or political self-gratification.
>
> . . . .
>
> ... The road the Court has traveled from *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), to *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), need not be recounted here. For our purposes, it is sufficient to recall that from start to finish *the development of the right to counsel has been based on the premise that representation by counsel is essential to ensure a fair trial*. *Faretta, supra*, 422 U.S. at 849–51, 95 S.Ct. at 2548–49 (emphasis added).

For those reasons, I concur in the judgment of the Court, although with the expected demise of Legal Aid, it is a genuine concern that lay people of wisdom and some experience are not allowed to go to the aid of the less favorably endowed who are also monetarily unable to obtain much needed help.