776 P.2d 1196

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kenneth R. BISSETT, Defendant–Appellant.**

**No. 17388.**

Court of Appeals of Idaho.

June 28, 1989.

Kenneth R. Bissett, Bonners Ferry, pro se.

**478**

Hon. Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Kenneth Bissett stands convicted of several motor vehicle violations. A magistrate directed him to perform community service for the violations and to serve five days in jail for a contempt that occurred during court proceedings. On appeal, the district court affirmed the magistrate's order. Bissett has appealed again, presenting the following issues: whether the enforcement of motor vehicle laws impermissibly infringes upon his freedom of religion; whether the magistrate should have allowed Bissett to be represented by lay counsel; and whether the magistrate should have disqualified himself from Bissett's case. For reasons explained below, we affirm the district court's decision upholding the magistrate's order.

The facts are undisputed. Bissett claims citizenship in the Kingdom of God. He maintains that he has renounced any allegiance to the State of Idaho, which he regards as part of Satan's domain. Bissett has concluded that he must follow God's laws to the exclusion of laws promulgated by any secular government. In 1984, pursuant to this religious belief, Bissett decided to drive a motor vehicle without an operator's license, without license plates, and without proof of insurance—all in violation of I.C. §§ 49–319, 49–125(1) (presently codified as I.C. § 49–456) and 49–245 (presently codified as I.C. § 49–1232). He was convicted of these offenses, and fines were imposed.

When Bissett failed to pay the fines, the court issued an order directing Bissett to appear and show cause why he should not be held in contempt. Bissett refused. Upon a bench warrant, Bissett was arrested and brought before the court. A magistrate then found that Bissett lacked the financial ability to pay the fines. The judge ordered Bissett to perform community service instead. The judge also found Bissett in contempt for failing to appear on the order to show cause. As a sanction, the judge ordered Bissett to spend five days in jail. The magistrate's order was stayed pending an appeal to the district court. A district judge affirmed the order and the instant appeal followed.

■ We turn first to Bissett's contention that his disobedience of motor vehicle laws and court orders is protected by the First Amendment of the United States Constitution. According to Bissett, his religious beliefs preclude any allegiance to the state. Consequently, he argues, the state cannot enforce its laws and court orders against him without violating the Constitution. We disagree.

■ A First Amendment claim may invoke either the establishment clause or the free exercise clause. "The establishment clause prohibits government sponsorship of religion." *Gregersen v. Blume*, 113 Idaho 220, 222, 743 P.2d 88, 90 (Ct.App.1987). The free exercise clause bars government prohibition of any religious belief, and it requires accommodation of religious practices when the government pursues secular ends which incidentally affect religion. *Blume*, 113 Idaho at 222–23, 743 P.2d at 90–91.

Bissett rests his argument on both clauses. With respect to the establishment clause, he asserts that "democratic statism" is a religious belief system established and imposed by the State of Idaho. We dealt with a virtually identical assertion in *Blume*. There we noted that a law, or scheme of laws, will pass muster under the establishment clause if (1) it has a secular purpose; (2) it has a primarily secular effect; and (3) it does not thrust the government into an excessive entanglement with religion. 113 Idaho at 223, 743 P.2d at 91.

Here, as in *Blume*, the three-part test has been satisfied. The motor vehicle laws violated by Bissett are intended to promote public safety, a secular purpose. Although these laws may incidentally affect Bissett's religion, their primary effect is, again, secular. Finally, except in the rare instance when an individual espouses a faith which precludes compliance with all secular laws, the laws at issue do not excessively entangle the government with religion. The same analysis applies to court orders issued to enforce these laws. We find no violation of the establishment clause.

■ With respect to the free exercise clause, Bissett contends that he cannot practice his religion if he accepts secular regulations when he drives his motor vehicle. Therefore, he contends, the Constitution gives him an exemption from the requirements of the motor vehicle laws. We addressed this identical issue in *Bissett v. State*, 111 Idaho 865, 727 P.2d 1293 (Ct.App.1986) (*Bissett I*), when Bissett first challenged the state's efforts to enforce I.C. §§ 49–319, 49–125(1) and 49–245. We also discussed the free exercise question in *Blume*.

We need not reiterate that analysis here. It suffices to say that we adhere to *Blume* and *Bissett I,* notwithstanding Bissett's sincere critique of those decisions in his brief. Accordingly, we find no constitutionally impermissible abridgement of Bissett's right to practice his religion.

■ We now turn to Bissett's argument that he was denied his Sixth Amendment right to counsel when he was not allowed to be represented by a lay attorney. At the outset, we note that we are not obliged to address this issue because Bissett failed to raise it before the district court. It is well settled that an appellant may not raise issues in a higher court different from those presented in an intermediate court. *Centers v. Yehezkely,* 109 Idaho 216, 706 P.2d 105 (Ct.App.1985). Nevertheless, in order to avoid future litigation on the same issue, we will explain why we disagree with Bissett's contention.

The Idaho Supreme Court has held that the Sixth Amendment embraces no right to representation by a lay attorney. *State v. Brake,* 110 Idaho 300, 715 P.2d 970 (1986). We acknowledged the rule of *Brake,* subject to a narrow exception for parental assistance to a minor, in *State v. Ritchie,* 114 Idaho 528, 757 P.2d 1247 (Ct.App.1988).

Properly understood, the Sixth Amendment gives a defendant the right to obtain a licensed attorney or to represent himself. Former Chief Justice Burger explained in his dissent in *Faretta v. California,* 422 U.S. 806, 839–40, 95 S.Ct. 2525, 2543–44, 45 L.Ed.2d 562 (1975), why legal counsel is necessary in criminal cases:

Although we have adopted an adversary system of criminal justice ... the prosecution is more than an ordinary litigant, and the trial judge is not simply an automaton who insures that technical rules are adhered to. Both are charged with the duty of insuring that justice, in the broadest sense of that term, is achieved in every criminal trial.... That goal is ill-served, and the integrity of and public confidence in the system are undermined, when an easy conviction is obtained due to the defendant's ill-advised decision to waive counsel. The damage thus inflicted is not mitigated by the lame explanation that the defendant simply availed himself of the "freedom" "to go to jail under his own banner...." *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (CA2 1965). The system of criminal justice should not be available as an instrument of self-destruction.

In short, both the "spirit and logic" of the Sixth Amendment are that every person accused of crime shall receive the fullest possible defense; in the vast majority of cases this command can be honored only by means of the expressly-guaranteed right to counsel.... True freedom of choice and society's interest in seeing that justice is achieved can be vindicated only if the trial court retains discretion to reject any attempted waiver of counsel and insist that the accused be tried according to the Constitution. This discretion is as critical an element of basic fairness as a trial judge's discretion to decline to accept a plea of guilty. [Citations omitted.]

This reasoning is applicable to the case at hand. As we stated in *Ritchie:*

[L]icensed legal counsel is constitutionally necessary in criminal cases to safeguard the panoply of constitutional rights available to an accused who faces the overwhelming resources of the state. The constitutional guarantee is limited by only one exception—the individual's right to choose, albeit unwisely, to represent himself.

114 Idaho at 530–31, 757 P.2d at 1249–50.

■ Bissett has added a First Amendment flavor to his Sixth Amendment argu-

ment, contending that since licensed lawyers are required to take an oath to uphold the laws of Idaho, they are agents of the State of Idaho. Therefore, Bissett asserts, he cannot be faithful to his religious beliefs if he is forced to work with licensed attorneys. However, the state has not forced Bissett to work with a state agent. Throughout the proceedings Bissett has been accorded the option, which he has exercised, of representing himself. Because he has not been compelled to work with a licensed attorney, his religious beliefs have not been improperly burdened by the magistrate's denial of his request for lay counsel.

■ Finally, Bissett argues that the magistrate should have disqualified himself because the judge—like a lawyer—is an agent of the State of Idaho and, therefore, presumptively biased. Bissett has further suggested that members of this Court should disqualify themselves for the same reason. Given Bissett's beliefs, it appears that no judge, duly holding office under state law, could escape Bissett's perception of presumptive bias.

In *Eismann v. Miller*, 101 Idaho 692, 696, 619 P.2d 1145, 1149 (1980), our Supreme Court held that where "disqualification results in an absence of judicial machinery capable of dealing with a matter, disqualification must yield to necessity." This holding plainly is applicable here. Accordingly, we hold that the magistrate need not have disqualified himself. Likewise, we decline to do so.

The district court's decision upholding the magistrate's order, which directed community service and imposed a contempt sanction, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.