818 P.2d 782

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Norman Alan HARDMAN,
Defendant–Appellant.**

No. 18394.

Court of Appeals of Idaho.

Oct. 3, 1991.

**668**

Norman Alan Hardman, pro se.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Norman Alan Hardman appeals the district court's affirmation of the magistrate court's judgments of conviction for the crimes of obstructing and delaying a peace officer and failure to produce proof of liability insurance. We vacate the judgment of conviction for obstructing a peace officer because Hardman was denied his right to counsel and we remand for further proceedings on that charge. However, we affirm the judgment of conviction for failure to produce proof of insurance. Our reasons follow.

While driving along Highway 16 in Gem County, Hardman was stopped by an Idaho state police officer because there were no license plates attached to Hardman's car. When he stopped, Hardman jumped out of his car, leaving his car door open and standing in the middle of the lane. The officer told Hardman to return to the inside of the vehicle. Hardman began yelling questions at the officer and walking towards the patrol car. The officer became concerned, and ordered Hardman not to come any closer and to move off the road, primarily because he was risking being hit by traffic. Hardman, wearing an overcoat and keeping his hands in his pockets, continued to argue with the officer, shouting obscenities, refusing to identify himself, and becoming increasingly belligerent and aggressive. After repeated unsuccessful attempts to communicate with Hardman, the officer, fearful of a physical confrontation, called for emergency backup. Eventually, he was able to approach Hardman. Several times he asked to see his driver's license, registration, and proof of insurance. Hardman refused to produce the documents. More officers arrived. Hardman was ultimately persuaded to produce the requested information. Later, he was charged with obstructing an officer in violation of I.C. § 18–705 and with failing to provide proof of liability insurance, a violation of I.C. § 49–1232. At trial, the jury found Hardman guilty of both charges. Hardman appealed to the district court, which affirmed the judgments of conviction. He now appeals to this Court.

■ Before addressing Hardman's assignments of error, we note that where, as here, the district court has acted in its appellate capacity and reached its decision on the basis of the record before it the appellate court will review the record with due regard for, but independently from, the district court's decision. *State v. Hayes,* 108 Idaho 556, 700 P.2d 959 (Ct.App.1985); *see also Robinson v. Joint School District No. 331,* 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

I.

Hardman's first assignment of error is that the court denied his right to counsel when it did not appoint counsel to help with his defense to the charge of delaying and obstructing a peace officer. The state con-

cedes error on this subject. We also find that the court erred on this point.[1]

■ The Sixth Amendment to the United States Constitution and Article I, § 13 of the Idaho Constitution guarantee the defendant in a criminal proceeding the right to be represented by counsel. Both constitutions support the rule that if a person is unable to afford an attorney, the defendant must be given the opportunity to be defended by court appointed counsel before the defendant can be imprisoned. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). *See also Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Clayton,* 100 Idaho 896, 606 P.2d 1000 (1980). In Idaho, this rule is codified in I.C. § 19-852, which states that a "needy person" who is formally charged with committing a "serious crime" is entitled to have an attorney appointed to defend him. Thus, whether a person is entitled to court appointed counsel depends on two considerations: (1) the seriousness of the crime charged; and (2) whether the person is "needy" or indigent. A "serious crime" is defined to include not only felonies, but misdemeanors which carry fines of over $300 or the possibility of incarceration for more than six months. I.C. § 19-851. A "needy" person is defined as one who is unable to fully pay for his own attorney. *Id.*

■ Hardman was charged with delaying and obstructing a peace officer, a violation of I.C. § 18-705. That statute provides that every person who wilfully delays or obstructs any public officer in the discharge of his duty is punishable by a fine not to exceed $1,000 and imprisonment in the county jail not exceeding one year. I.C. § 18-705. The crime is a misdemeanor. *See* I.C. §§ 18-111, 18-111B, and 18-113. Here, the magistrate determined that Hardman was not entitled to an attorney because he was "unlikely" to receive a jail sentence under the charge, while ultimately imposing a sentence of thirty days in jail,

with all but five of those days suspended. The proper inquiry, however, was not whether Hardman was likely to be imprisoned, but whether by the terms of the statute he could have been imprisoned for over six months or fined more than $300. According to I.C. § 18-705, Hardman could have been fined up to $1,000 or imprisoned in the county jail for one year. Clearly, delaying and obstructing an officer is a misdemeanor the violation of which carries a penalty within the definition of a serious crime provided in I.C. § 19-851.

Also, in this case the magistrate never addressed the second consideration, that is, whether Hardman was indigent or "needy," or if he was capable of hiring his own attorney. It appears, however, that later the district court did consider Hardman to be indigent, because it ordered the county to pay the costs of preparing a transcript of the proceedings, a cost usually borne by the defendant if he is not indigent. In summary, Hardman was entitled to appointed counsel considering the penalties associated with I.C. § 18-705 and if he was deemed to be "needy"—a determination not made by the court. Therefore, we find that the court erred. Accordingly, the judgment of conviction for violation of I.C. § 18-705 must be vacated and the cause remanded for a new trial.

## II.

Hardman also argues that he was denied his right to counsel regarding the charge of failing to produce proof of liability insurance because the court did not appoint an attorney to help defend against this charge. He also argues that he was denied the assistance of "next-friend" lay counsel. We find no error on this claim.

■ Failure to produce proof of liability insurance, as the crime was described in I.C. § 49-245, was a misdemeanor. The statute was amended in 1988 and re-codified as I.C. § 49-1232. In that version, which was effective when Hardman com-

---

1. The state asserts that this issue was not raised on the appeal to the district court, depriving that court of the initial opportunity to rule on the denial of counsel question. Regardless, be- cause of the state's concession of fundamental error on this point, we will address the issue on this appeal.

mitted the charged offense, violation of the statute was not specified to be a misdemeanor or an infraction. The 1990 version of I.C. § 49–1232, however, classifies a violation of its terms as an infraction punishable by a $75 fine. For the purposes of this opinion, we conclude that I.C. § 49–1232, as it was effective when Hardman committed the offense, was a misdemeanor. A misdemeanor, unless otherwise specified, carries a maximum penalty of a $300 fine or up to six months incarceration in the county jail. I.C. § 18–113. Hardman's failure to produce proof of liability insurance, then, would not require the court to appoint counsel because the offense did not carry a sufficient penalty to classify it as a "serious" offense within I.C. § 19–852. Also, the Sixth Amendment to the United States Constitution does not require the court to provide indigent or needy defendants with appointed counsel if the court determines that the defendant will not be punished by imprisonment and in fact he is not imprisoned. *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158 (1979). The court made that determination in this case, and did not incarcerate Hardman for violating the statute.

■ As for Hardman's argument that the court erroneously denied his right to be represented by non-lawyer lay counsel, our Supreme Court has specifically held that a defendant in a criminal prosecution may represent himself or may be represented by a licensed attorney, however, the Sixth Amendment embraces no right to representation by a lay attorney. *State v. Brake*, 110 Idaho 300, 715 P.2d 970 (1986); *see also State v. Bissett*, 116 Idaho 477, 776 P.2d 1196 (Ct.App.1989); *State v. Ritchie*, 114 Idaho 528, 757 P.2d 1247 (Ct.App.1988).

### III.

■ Next, Hardman argues that the court denied his right to testify in his own defense. We find that Hardman voluntarily decided not to testify and that there was no error.

The United States and Idaho Constitutions guarantee a criminal defendant the right to testify in his own defense. However, Idaho Rule of Evidence 603 requires that before testifying, every witness must declare "by oath or affirmation" that he will tell the truth. At trial, when attempting to administer this oath, the magistrate judge and Hardman had the following discussion:

> Court: All right. Well, then if you would be sworn by the clerk and go ahead and take the stand.
>
> Hardman: Your Honor, I don't believe I want to be sworn. I have an aversion to that. Religious.
>
> Court: Well, understand, I'm not asking you to swear, but you have to at least affirm. All right—
>
> Hardman: I have a problem with that also.
>
> Court: —you have to take an oath, or I will not allow you to testify.
>
> Hardman: Very well, under my objection though, Your Honor.
>
> Court: Oh, that's fine.
>
> Hardman: All right, for the record.
>
> Court: All right. So, Madame Clerk, the word is, "Do you swear or affirm."
>
> Clerk: All right.
>
> Hardman: Well, I don't want to take the oath or affirmation, Your Honor.
>
> Court: Oh, neither one?
>
> Hardman: Neither the affirmation.
>
> Court: Okay. Well, that's fine. Is it your desire then, not to testify?
>
> Hardman: Yes, Your Honor.

On appeal to the district court, Hardman objected to the transcript of the above discussion because it did not signify that the clerk, when attempting to administer the oath, raised her right hand. Hardman states that

> This very act of raising her right hand is the point of the objection raised by the accused, and carries religious portent as a sacred ensign of devotion to God Almighty and an Oath and Covenant already made to Him. For this reason, the appellant did, does now, and will continue to refuse acknowledge [sic] the aforementioned token as a solemn declaration to mere mortals.

We interpret Hardman's statement to mean that making him raise his right hand to make the affirmation, or the clerk's act of raising her right hand, represented a sacred act performed for mortals, when it should be reserved for God. It is textbook law that, generally, "no particular formalities are required for there to be a valid oath, although compliance with certain essential elements is necessary." 58 AM. JUR.2D *Oath and Affirmation* § 22, at 1058 (1989). Any form of the oath or affirmation "which appeals to the conscience of the person to whom it is administered and binds the person to speak the truth is sufficient." *Id.* Thus, it follows that "the ceremony of holding up the hand is not essential to the validity of the oath of a witness." 58 AM.JUR.2D *Oath and Affirmation* § 24, at 1060 (1989).

There is no dispute that Hardman could refuse to raise his hand when making his affirmation. However, he contends that the magistrate judge's conclusion at trial denied his desire not to raise his hand. The problem is that Hardman did not specifically object to this procedure. He merely refused to affirm that he would tell the truth based on "religious" grounds. He also failed to object to the court's conclusion that it was his desire not to testify.

██ Generally, a matter not raised or objected to below will not be considered on appeal unless it demonstrates fundamental error which has deprived the appellant of due process. *State v. Bylama*, 103 Idaho 472, 649 P.2d 1228 (Ct.App.1982), *citing State v. Baker*, 103 Idaho 43, 644 P.2d 365 (Ct.App.1982). Denying a criminal defendant his right to testify would deprive him of due process. However, fundamental error is also defined as a statement or act which results in "prejudicial error that goes to the heart of a party's case" where the statement or act is "wholly outside of the preventive or corrective powers of that party." *State v. Rutherford*, 107 Idaho 910, 915, 693 P.2d 1112, 1117 (Ct.App.1985), *appeal after remand*, 109 Idaho 1016, 712 P.2d 717 (Ct.App.1985). Here, the act complained of was not outside of Hardman's preventive or corrective powers. He failed

to make his objection to the affirmation procedure clear. Moreover, he has shown us nothing to indicate that the court would have refused his option not to raise his hand if he would have made his objection known. As the district court stated in its memorandum opinion, "The trial judge is not a mind reader—he had no way of finding out defendant's objections if they are not stated." In fact, Hardman did make an affirmation in later proceedings before the district court, but only without raising his right hand. Considering his response to the trial court's questions, we find it difficult to think that the court could have concluded anything but that Hardman was voluntarily giving up his right to testify.

## IV.

██ Hardman raises two final issues on appeal. First, he argues that the court lacked jurisdiction over his case because the magistrate judge was not qualified to preside over the trial due to the fact that the judge was a member of the Idaho National Guard. Hardman claims that the judge's dual memberships in the judiciary and an arm of the executive branch constituted a violation of the Separation of Powers of the Constitution of the United States and Idaho. Initially, we note that this issue was not raised before the trial court or the district court. It is well settled that an appellant may not raise issues in a higher court different from those presented in an intermediate court. *Bissett, supra, citing Centers v. Yehezkely*, 109 Idaho 216, 706 P.2d 105 (Ct.App.1985). At the same time, Hardman has not supported his assertion with any facts in the record. He makes only bare allegations. Because this issue was not raised at trial, there is no record on this issue for this Court to review. "A court cannot hypothecate facts which are absent from the record." *Shacocass, Inc. v. Arrington Const. Co.*, 116 Idaho 460, 463, 776 P.2d 469, 472 (Ct.App.1989). Error must be affirmatively shown by the appellant. *Bylama, supra, citing State v. Thomas*, 94 Idaho 430, 489 P.2d 1310 (1971). Absent a complete record to support Hardman's assertions, we conclude that there was no error. *State v. Camp-*

*bell*, 114 Idaho 367, 757 P.2d 230 (Ct.App. 1988).

■ Second, Hardman contends that I.C. § 18–705 is unconstitutional in that it is vague and overbroad. He claims that the statute is "a virtual carbon copy of a city ordinance found to be unconstitutional by the United States Supreme Court in *City of Houston v. Raymond Wayne Hill* [482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398] (No. 86–243), U.S. Supreme Court, decided June 15, 1987." This issue also was not presented to the trial court or the district court on appeal. We decline to decide whether a statute is constitutional when that question is raised for the first time on appeal. *State v. Hernandez*, 107 Idaho 947, 694 P.2d 1295 (1985). *See also George W. Watkins Family v. Messenger*, 118 Idaho 537, 797 P.2d 1385 (1990); *Sullivan v. Sullivan*, 102 Idaho 737, n. 5, 639 P.2d 435, n. 5 (1981).

For the foregoing reasons, we vacate the judgment of conviction on the charge of delaying and obstructing a peace officer, and remand that cause for a new trial. We affirm the judgment of conviction on the charge of failing to produce proof of liability insurance.

SWANSTROM, J., and SILAK, J., concur.