NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE BAR OF ARIZONA, et al., *Plaintiffs/Appellees*,

*v.*

GRANT H. GOODMAN, *Defendant/Appellant*.

No. 1 CA-CV 18-0152
FILED 12-27-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-016709
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

State Bar of Arizona, Phoenix
By James D. Lee, Lisa M. Panahi
*Co-Counsel for Plaintiff/Appellee State Bar of Arizona*

Bonnett, Fairbourn, Friedman & Balint P.C., Phoenix
By William G. Fairbourn, Lisa T. Hauser
*Co-Counsel for Plaintiff/Appellee State Bar of Arizona*

Grant H. Goodman, Phoenix
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Acting Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

_____

**M c M U R D I E**, Judge:

**¶1**        Grant H. Goodman appeals the summary judgment entered in favor of the State Bar of Arizona (the "State Bar") and the dismissal of his counterclaims. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Goodman, a lawyer, was disbarred in 2014. That same year, the superior court entered Administrative Order No. 2014-029 (the "Administrative Order") declaring Goodman a vexatious litigant and prohibiting him from filing any new causes of action without leave of the civil presiding judge. Goodman did not seek special action review of the Administrative Order.

**¶3**        Two months after his disbarment, Goodman obtained an assignment (the "Assignment") from Karen Mothershead granting him all right, title, and interest in certain legal claims belonging to Mothershead, which arose out of the administration of her deceased husband's estate. Goodman and Mothershead later executed an addendum to the Assignment (the "Addendum"), which broadly defined the causes of action that could be brought in either state or federal court. The Assignment and Addendum gave Goodman thirty percent of the proceeds for such causes of action, while Mothershead retained a seventy percent interest in any recovery achieved by "settlement, judgment, collection efforts, arbitration, mediation, trial, [or] appeal," both net of payment of costs and expenses. Mothershead also retained the right to appear on her own behalf if any court deemed her claims to be non-assignable. Mothershead later revoked the Assignment.

**¶4**        Pursuant to the Assignment and Addendum, Goodman made filings in both state and federal courts in furtherance of the assigned legal claims. He also made court appearances in furtherance of the claims.

¶5            In 2016, the State Bar filed a complaint in superior court seeking to enjoin Goodman from engaging in the unauthorized practice of law and from enforcing any legal claim based on an assignment in which the assignor retained an interest in the claim. In response, Goodman filed a "Counterclaim and Independent Action" against the State Bar, Mothershead, and Superior Court Judge Randall Warner as the presiding civil judge (collectively, "Counter-Defendants"). Goodman's counterclaim alleged that (1) there was no basis for the Administrative Order, (2) his constitutional rights were violated by the Administrative Order, and (3) the Counter-Defendants engaged in a "fraudulent subterfuge" to eliminate his right to self-representation.

¶6            The Counter-Defendants separately moved to dismiss Goodman's counterclaims. While their motions were pending, Goodman and the State Bar cross-moved for summary judgment. Ultimately, the superior court granted each Counter-Defendant's motion to dismiss and entered summary judgment in favor of the State Bar. Goodman timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶7            Goodman appeals the entry of summary judgment in favor of the State Bar on its claim that Goodman engaged in the unauthorized practice of law. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the superior court's grant of summary judgment *de novo*, determining whether any issue of material fact exists and whether the court properly applied the law. *See Deutsche Bank Nat'l Tr. Co. v. Pheasant Grove LLC*, 245 Ariz. 325, ¶ 15 (App. 2018). Goodman also challenges the superior court's dismissal of his counterclaims. We review the court's grant of a motion to dismiss *de novo*. *See Pivotal Colo. II, L.L.C. v. Ariz. Pub. Safety Pers. Ret. Sys.*, 234 Ariz. 369, 370, ¶ 4 (App. 2014). We will affirm the dismissal if correct for any reason. *See Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10 (App. 2014).

## A. Goodman May Not Challenge the Administrative Order by Way of Appeal.

¶8            The superior court has authority to exercise "such powers as are necessary to the ordinary and efficient exercise of jurisdiction." *Acker v. CSO Chevira*, 188 Ariz. 252, 254 (App. 1997) (citation omitted). Included among those powers is the court's inherent authority to curtail the right of

vexatious litigants to initiate new lawsuits asserting new causes of action. *See Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 17 (App. 2012).

¶9            Nearly one month after Goodman was disbarred, the presiding judge of the superior court entered the Administrative Order designating Goodman as a vexatious litigant. The court found that Goodman had filed cases for "delay or harassment" and had filed numerous civil actions routinely naming the same defendants. The Administrative Order limited Goodman's ability to "file future lawsuits, motions, and requests for relief" and expressly prohibited him from filing any "new causes of action" without leave of the civil presiding judge. It also prohibited Goodman from making any new filings in a civil case "in which judgment concluding the case ha[d] been entered" without leave of court.

¶10           On appeal, Goodman seeks to challenge the merits of the Administrative Order. An administrative order designating an individual as a vexatious litigant is not an appealable order. *See Madison*, 230 Ariz. at 14, ¶ 16, n.8 (explaining that this court does not have appellate jurisdiction over administrative orders, and, therefore, review of such orders must proceed by special action). Therefore, Goodman may not challenge the merits the Administrative Order in this appeal.

**B. The Court Correctly Found Goodman was Engaged in the Unauthorized Practice of Law and Enjoined Him from Doing so in the Future.**

¶11           Under article III of our constitution "the practice of law is a matter exclusively within the authority of the Judiciary." *In re Creasy*, 198 Ariz. 539, 541, ¶ 6 (2000); Ariz. Const. art. III. Included in this authority is the ability to define the practice of law. *See State Bar of Ariz. v. Ariz. Land Title & Tr. Co.*, 90 Ariz. 76, 87 (1961) ("[T]hose acts, whether performed in court or in the law office, which lawyers customarily have carried on from day to day through the centuries must constitute 'the practice of law.'"). Arizona Supreme Court Rule ("Rule") 31 provides a non-exhaustive list of conduct that when performed by a person who is not authorized constitutes the unauthorized practice of law. Ariz. R. Sup. Ct. 31(a)(2)(A)–(B)(1). Specific acts include: preparing a document intended to affect or secure legal rights for a specific person; representing another in a judicial proceeding; and preparing a document to be filed in any court for a specific person or entity. Ariz. R. Sup. Ct. 31(a)(2)(A).

¶12           Pursuant to Rule 31, a disbarred member of the State Bar shall not practice law or in any way represent that he has authority to practice

law. *See* Ariz. R. Sup. Ct. 31(c). The State Bar is authorized to investigate, prosecute, and obtain judgments in superior court against individuals who have engaged in the unauthorized practice of law. *See* Ariz. R. Sup. Ct. 75–80; *State v. Lang*, 234 Ariz. 457, 461, ¶ 15 (App. 2014).

¶13　　　　Two months after Goodman was disbarred, he obtained the Assignment from Mothershead, which purportedly assigned to Goodman "all right, title, and interest" in certain "causes of actions and claims." However, the Assignment and Addendum clearly reflect that Mothershead retained a seventy percent financial interest in the proceeds derived from any settlement, judgment, collection efforts, arbitration, mediation, trial, or appeal arising from the claims. In addition, Mothershead reserved the right to represent herself in litigation as a party-plaintiff if a court determined the claims were non-assignable. Relying on the Assignment and Addendum, Goodman prepared and filed court documents that affected or secured Mothershead's legal rights. He also appeared in court in connection with those filings.

¶14　　　　Goodman argues that he is not providing legal advice or services to Mothershead but is simply acting as an assignee under an absolute assignment. He relies on the United States Supreme Court's decision in *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008), which held that assignees of payphone operators' claims had standing to bring a collection action against long-distance carriers. 554 U.S. at 271. The State Bar here, however, has not challenged Goodman's standing to file suit on behalf of Mothershead under the Assignment. *Accord Cruz v. Lusk Collection Agency*, 119 Ariz. 356, 360 (App. 1978). Rather, the State Bar has brought an action to enjoin Goodman, a disbarred attorney, from practicing law.

¶15　　　　"Public policy is derived from the collective rules, principles, or approaches to problems that affect the commonwealth or promote the general good; specifically, principles and standards regarded by the legislature or by the courts as being of fundamental concern to the state and the whole of society." *Levine v. Haralson, Miller, Pitt, Feldman & McAnally, P.L.C.*, 244 Ariz. 234, 237, ¶ 10 (App. 2018) (quotation omitted) (court denied the recovery of fees to an attorney for work performed pursuant to an oral contract when such an agreement violated the Arizona Rules of Professional Conduct and was thus void as against public policy). Our supreme court rules clearly prohibit a disbarred lawyer, such as Goodman, from practicing law in Arizona. Goodman cannot evade these rules by obtaining an assignment of claims from a third party and asserting those claims as a *pro se* plaintiff, particularly when the assignor has clearly

retained an interest in the claims. *State v. Stewart*, 21 Ariz. App. 123, 124 (1973) ("It is axiomatic that a person who is not a member of the Bar of the State of Arizona cannot practice or represent another in any of the State's courts.").

**¶16** This conclusion is supported by the decisions of other jurisdictions. *See Iowa Supreme Court Comm'n on the Unauthorized Practice of Law v. Sullins*, 893 N.W.2d 864, 874 (Iowa 2017) (citing cases). In *Sullins*, the Iowa Supreme Court affirmed an injunction prohibiting a disbarred attorney from self-representation on a claim arising out of an assignment where the assignor retained an interest in the claims. The assignor assigned three years' worth her child support claim—which was valued in full at approximately $300,000—to a disbarred attorney as repayment for a debt of approximately $28,000. *Id.* at 869. However, the court took issue with the amount of the assignment, which after interest would exceed the amount the assignor owed the disbarred attorney, and because "[t]he assignment was silent as to the consideration paid and included no language extinguishing [the assignor's] debt to [the disbarred attorney]." *Id.* at 873 ("Their arrangement was akin to a lawyer working a collection case on a contingent, percentage fee."). The Court held that "[w]hen an individual uses an assignment and pro se litigant status to represent another, the individual renders legal services and engages in the unauthorized practice of law." *Id.* at 874.

**¶17** Like Iowa, Arizona also "allows pro se litigants to represent their *own* claims, [but] it does not authorize pro se litigants to prosecute the claims of *others*." *Yulin Li ex rel. Lee v. Rizzio*, 801 N.W.2d 351, 360 (Iowa Ct. App. 2011); *accord Byers-Watts v. Parker*, 199 Ariz. 466, 470, ¶ 19 (App. 2001) (rule recognizing a parent's right to sue on behalf of a child does not entitle the parent to provide legal representation for the child).

**¶18** This is not to say that all assignments where the assignee brings a claim and the assignor retains an interest are void. *See Cruz*, 119 Ariz. at 360. But when a disbarred attorney acquires an interest through an assignment, and consideration for that interest appears to be—at least in part—for an act that the disbarred attorney would otherwise be prohibited from performing if not for the assignment, that assignment is void as against public policy. Accordingly, any action taken by the disbarred attorney with respect to that invalid interest is subject to the rules prohibiting the unauthorized practice of law. *See In re Creasy*, 198 Ariz. at 543, ¶ 16. ("[S]ome actions which may be taken with impunity by persons who have never been admitted to the practice of law, will be found to be in

6

contempt if undertaken by a suspended or disbarred attorney." (quoting *State v. Schumacher*, 519 P.2d 1116, 1125 (Kan. 1974))).

¶19         The undisputed facts of this case reflect that Goodman used the Assignment to circumvent the effect of his disbarment and to practice law. Goodman's conduct falls under Rule 31's definition of "practicing law," and because he was disbarred, Goodman's actions constitute the "unauthorized practice of law." There is no genuine issue of any material fact regarding the legal determination that Goodman engaged in the unauthorized practice of law. Thus, we affirm the superior court's entry of summary judgment in favor of the State Bar.

## C.  The Court Properly Dismissed Goodman's Counterclaims.

¶20         Goodman also challenges the superior court's dismissal of his counterclaims. In response to the State Bar's complaint, Goodman filed a pleading titled "Counterclaim(s) and *Independent Action*," naming the Counter-Defendants as parties. Goodman's counterclaim did not address Rule 31 and the unauthorized practice of law, other than to argue that the Supreme Court Rules shall not "affect the rights granted in the Arizona or United States Constitutions." Rather, Goodman's counterclaim alleged the court improperly designated him a vexatious litigant. He asserted claims for racketeering, impairment of contract, and violation of his constitutional rights. He also asserted an "Independent Action," requesting relief from judgment based on fraud pursuant to Arizona Rule of Civil Procedure 60(b). Presumably, Goodman was attempting to seek relief from the Administrative Order, but it is unclear.

¶21         As addressed above, Goodman did not file a special action challenging the Administrative Order, and Goodman's remaining counterclaims arise out of the invalid assignment, thus they were properly dismissed.

## CONCLUSION

¶22         For the foregoing reasons, we affirm the entry of summary judgment in favor of the State Bar and the dismissal of Goodman's counterclaims.