537 P.2d 1399
**STATE of New Mexico, Petitioner,**
v.
**John DOE, a child, Respondent.**
No. 10483.

Supreme Court of New Mexico.
June 25, 1975.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for petitioner.

Albert J. Rivera, Alamogordo, for respondent.

## OPINION

MONTOYA, Justice.

On February 27, 1975, an amended petition was filed in the Children's Court Division of the District Court of Lincoln County, allegedly pursuant to the Children's Code, §§ 13–14–1 to 45, N.M.S.A., 1953 (Repl.Vol. 3, 1973 Supp.). The petition alleged that John Doe, age sixteen, was a "delinquent child, and in need of care or rehabilitation" in that he had violated the Village of Carrizozo curfew ordinance § 6–9–1 (actually § 6–8–1) and possessed alcoholic beverages contrary to § 45–10–12 (actually §§ 46–10–12 and 46–10–19, N.M.S.A., 1953 (Repl.Vol. 7, 1973 Supp.)).

At the lower court hearing the child and his parents appeared pro se, and the child admitted that he had committed the two violations. Based on these admissions, the court entered a judgment and order stating that "the Child is a Delinquent Child and in need of care and rehabilitation." In addition, the child was ordered committed to the New Mexico Department of Corrections "for no more than sixty (60) days for comprehensive social and psychological evaluation."

On March 20, 1975, the child filed a notice of appeal. The Court of Appeals ruled that the petition filed in Children's Court was jurisdictionally defective on the grounds that neither charge constituted a

"delinquent act" as the term is defined in § 13–14–3(N), supra. The cause was reversed and remanded with instructions to dismiss the petition with prejudice. A petition for writ of certiorari was then filed by the State on May 20, 1975, and granted by this court on May 26, 1975.

▆▆▆▆ The sole issue which this court must decide is whether the Children's Court had jurisdiction over this cause; more specifically, whether count II, possession of alcoholic beverages, can be characterized as a "delinquent act." Petitioner has previously conceded that count I, the curfew violation, does not constitute a delinquent act.

The Court of Appeals stated in its opinion that:

"Further, the fact that the child did possess alcoholic beverages does not constitute a delinquent act as defined in § 13–14–3(N), supra. The possession of alcoholic beverages would not be a crime under the law if committed by an adult."

This statement is incorrect, as an examination of the relevant statutes reveals.

Generally, the Children's Court has exclusive original jurisdiction of all proceedings under the Children's Code, supra, in which a child is alleged to be (1) a delinquent child; (2) a child in need of supervision; or (3) a neglected child. See § 13–14–9, supra. In this particular case, the child was charged with being a "delinquent child" which is defined in § 13–14–3(O), supra, as:

" * * * a child who has committed a delinquent act and is in need of care or rehabilitation[.]"

In turn, a "delinquent act" is defined in § 13–14–3(N), supra, as:

" * * * an act committed by a child, which would be designated as a crime under the law if committed by an adult, * * *."

And, according to § 13–14–3(B):

" 'adult' means an individual who is eighteen [18] years of age or older[.]"

Referring to § 46–10–12, supra, the statutory section which concerns possession of alcoholic beverages, subsection "(B)" states:

"It is a violation of the Liquor Control Act for any minor to buy, receive, possess or permit himself to be served with any alcoholic liquor except when accompanied by his parent, * * *."

Subsections "(E) and (F)" of the same statute read as follows:

"E. As used in the Liquor Control Act 'minor' means any person under twenty-one [21] years of age.

"F. Violation of this section by a minor with respect to possession is a petty misdemeanor."

When all of these statutory sections are considered together, it appears that an adult, as defined by § 13–14–3(B), supra, between the ages of eighteen and twenty-one, even though a minor, as defined by § 46–10–12(E), supra, may under certain circumstances be guilty of a crime under § 46–10–12(B), supra, when in possession of alcoholic beverages. It certainly cannot apply to any minor under the age of eighteen since, under the Children's Code, the Children's Court has exclusive jurisdiction and any illegal act committed by a child under the age of eighteen is not considered a crime, unless there is a specific exception made in the Code itself. See § 13–14–45, supra. In addition, § 13–14–30, supra, provides in pertinent part as follows:

" * * *. A judgment in proceedings on a petition under the Children's Code [13–14–1 to 13–14–45] shall not be deemed a conviction of crime nor shall it impose any civil disabilities ordinarily resulting from conviction of a crime, nor shall it operate to disqualify the child in any civil service application or appointment. * * *"

Thus, it logically follows that the act of possession of alcoholic beverages with which the child was charged may be characterized as a "delinquent act," and the allegation of "delinquent child" was proper.

**140**

No other conclusion can be reached if the statutes with which we are concerned, and referred to above, are to be harmonized and given a reasonable interpretation. We are unable to discern how the Court of Appeals could hold otherwise.

■ Also in relation to count II, the Court of Appeals ruled that the mistaken reference to § 45–10–12, supra, constituted a jurisdictional defect. Since that statute concerned the conduct of elections for the creation of a weed control district and § 46–10–19, supra, was only a penalty section, the Court of Appeals felt that violation of neither of these statutes would constitute a "delinquent act" as defined by § 13–14–3(N), supra. We are unable to agree with this treatment of the problem.

In our opinion, the Court of Appeals was overly concerned with technicalities, exalting form over substance. First of all, it would appear that citation of § 45–10–12, supra, was a mere typographical error. By no stretch of the imagination did this child's conduct involve violation of election laws for the creation of weed control districts. And no one has seriously contended that it did. Secondly, count II did state that the specific charge was possession of alcoholic beverages, and the correct penalty provision was cited. Also, during the Children's Court hearing, the judge asked the child:

> "Next, they tell me that on the same date and place you did possess alcoholic beverages contrary to law. Do you admit or deny it?"

The child admitted this charge.

The record reveals that the child and his parents had adequate notice and knowledge of the charge, and there has been no showing of prejudice. We are aware, of course, of § 13–14–17, supra, which states that the petition must present charges with "specificity" and cite the appropriate law when violation of a statute is charged. However, we do not believe that the facts of this case amount to a violation of that statute or amount to jurisdictional defect.

Certainly, the Children's Court had jurisdiction over the child, and as far as the second charge is concerned, we conclude that the court was acting within the bounds of its subject matter jurisdiction. See Grace v. Oil Conservation Commission of New Mexico, 87 N.M. 205, 531 P.2d 939 (1975).

In view of the foregoing, the cause is remanded to the Court of Appeals for further proceedings in accordance with the views expressed by this court.

It is so ordered.

McMANUS, C. J., and OMAN and STEPHENSON, JJ., concur.