757 P.2d 1247

STATE of Idaho, Plaintiff–Respondent,

v.

James A. RITCHIE, Defendant–Appellant.

No. 16932.

Court of Appeals of Idaho.

July 8, 1988.

James A. Ritchie, Idaho Falls, pro se.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

After a trial in the magistrate division of the district court, a Bonneville County jury found James Ritchie guilty of two misdemeanors, driving with expired license plates and driving an uninsured vehicle. On appeal to the district court, the judgments of conviction were affirmed. Ritchie now presents three issues: (1) whether the trial court had subject-matter jurisdiction in the case; (2) whether a six-member jury satisfies the Sixth Amendment right to trial by jury; and (3) whether the Sixth Amendment right to counsel entitles an accused to be represented by a lay person of his choice. For reasons explained below, we reject each of Ritchie's broad contentions. However, on the third issue, we recognize the narrow right of a minor to receive the assistance of a parent in appropriate circumstances. Accordingly, we reverse the district court's decision, vacate the magistrate's judgments, and remand the case.

The underlying facts may be stated briefly. Ritchie was cited for two misdemeanor traffic violations by an Idaho Falls police officer who responded to the report of an accident. Ritchie, who was then fifteen years old, appeared in traffic court and pled not guilty.[1] He also requested a jury trial and a date was set. Prior to trial, Ritchie filed numerous motions, including demands for lay counsel and for a jury of twelve persons. He also moved for a "Bill of Particulars," asking the court to clarify its subject-matter jurisdiction and the "type" of law governing the proceeding. All motions were denied by Magistrate Riddoch. The matter proceeded to trial before Magistrate Cook. Ritchie represented himself. As noted above, the jury returned guilty verdicts on both charges. Ritchie was ordered to pay fines on both charges; in addition, he was sentenced to ten days in the county jail on the charge of driving an uninsured vehicle. He appealed the judgments of conviction to the district court, which affirmed. This appeal followed.

I

We first discuss Ritchie's jurisdictional challenge. Apparently, Ritchie contends that the trial court improperly exercised jurisdiction over the case because it did not adequately notify him of the reasons why and how traffic offenses were handled as criminal matters in the magistrate division. Ritchie asserts that due to this lack of notice, he was not informed of the "nature" and "cause" of the action against him, as required by the Sixth Amendment. In denying the motion for a "bill of particulars," the magistrate informed Ritchie that the traffic citations "reasonably inform you of the crime[s] charged."

Without belaboring the point, we agree that uniform traffic citations—such as those issued in this case—are sufficient to inform the violator of the "nature" of

1. Cases involving minors accused of traffic infractions or offenses are processed in the same manner as adult cases. The Youth Rehabilitation Act does not extend to traffic violations. *See* I.C. § 16–1803(2).

the charge against him. Moreover, Ritchie's attempt to characterize a question of notice as an issue of subject-matter "jurisdiction" is conceptually unsound. Magistrates in Idaho have subject-matter jurisdiction by statute to act upon any citable offense alleged to have occurred in this state. I.C.M.R. 4. It is beyond cavil that this category includes traffic offenses.

## II

We next discuss Ritchie's challenge to the six-member jury. This is the maximum number of jurors provided by statute and rule for trials in misdemeanor cases. I.C. § 19-1902, I.C.R. 23. Ritchie contends that this limitation violates the common-law entitlement to a jury of twelve members. He further asserts that the common-law practice is embodied in the Sixth Amendment right to trial by jury. Although we note that this argument has some historical roots, we are constrained to hold that it lacks contemporary validity.

■ Confronted with this question in the nineteenth century, the United States Supreme Court expressed a view that the "jury" mentioned in the Sixth Amendment consisted—as it had at common law—of twelve persons. See *Thompson v. Utah*, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898). However, the Court since has retreated from this construction of the Sixth Amendment. In 1970 the Court held that a twelve-person panel was not a necessary ingredient of the Sixth Amendment guarantee of trial by jury in all criminal cases. *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). The contours of the *Williams* decision have been elaborated in subsequent cases. The Sixth Amendment forbids state criminal trials of nonpetty offenses to juries of *less than* six persons. *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). However, conviction of a nonpetty offense by a unanimous six-member jury does not violate the Sixth Amendment. *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed. 2d 96 (1979).[2] Ritchie was convicted by a unanimous six-person panel. Accordingly, we find no constitutional infirmity.

## III

■ Ritchie's final claim is that the Sixth Amendment right to counsel in criminal prosecutions encompasses the right to assistance of lay counsel.[3] With this broad proposition, we disagree. The Idaho Supreme Court has held—consistently with decisions in all other state and federal courts where the question has been addressed—that a criminal defendant has no constitutional right to be represented at trial by lay counsel. See *State v. Brake*, 110 Idaho 300, 715 P.2d 970 (1986). Our Court recently applied the *Brake* rule in *State v. Harrold*, 113 Idaho 938, 750 P.2d 959 (Ct.App.1988).

Although Ritchie asks us to depart from the *Brake* rule, we are neither empowered nor inclined to do so. A recent, carefully considered decision by our Supreme Court is binding. Moreover, the *Brake* rule is consistent with the policies underlying the Sixth Amendment guarantee of counsel. As Justice Bistline explained in his concurrence to *Brake*, licensed legal counsel is constitutionally necessary in criminal cases to safeguard the panoply of constitutional rights available to an accused who faces

**2.** A nonpetty offense has been defined as an offense punishable by confinement in jail for a period of six months or longer. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Since Ritchie was convicted by a unanimous six-person jury we need not decide whether traffic misdemeanors are nonpetty offenses for Sixth Amendment purposes.

**3.** A right to appointed legal counsel exists in any case where the defendant is indigent and his

conviction results in a sentence of incarceration. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Here, as noted, Ritchie received a ten-day jail sentence for driving an uninsured vehicle. Thus, at least with respect to that charge, a right to appointed counsel might have existed, depending on Ritchie's financial circumstances. However, any such determination apparently was rendered unnecessary by Ritchie's insistence upon his own lay counsel.

the overwhelming resources of the state. The constitutional guarantee is limited by only one exception—the individual's right to choose, albeit unwisely, to represent himself.

However, this does not end our analysis in the present case. Although Ritchie asked for lay counsel in general, the record clearly shows that the "counsel" he sought was the assistance of his father. We expressly reserved in *State v. Harrold, supra,* the question whether a minor may "receive assistance in court from a parent or guardian." 113 Idaho at 940, n. 3, 750 P.2d at 961, n. 3. A minor may not be capable of representing his or her interests in court to the same extent as an adult. When a minor lacks this capability, the right of self-representation has little genuine meaning unless it is deemed to embrace the assistance of a parent or guardian. We see no cogent reason for imposing a blanket prohibition against such assistance. In fact, we surmise that many judges have allowed it. *See generally State v. Doe,* 88 N.M. 137, 537 P.2d 1399 (1975) (parent representing minor child in juvenile proceeding).

Accordingly, we hold that although parental assistance to a minor is not constitutionally protected under the Sixth Amendment right to counsel, neither is it prohibited by *Brake* nor is it barred by any procedural rule or statute. When a minor requests the court to allow lay assistance from a parent or guardian, the court should determine—in light of the offense charged and the apparent capabilities of the minor—whether such assistance is likely to aid the defense. If it is, or if the court is uncertain, the request should be granted. If parental assistance clearly will not aid the defense, the request may be denied with a reasoned explanation.

Here, so far as the record discloses, such a determination was not made. Consequently, the judgments of conviction must be set aside. The district court's decision upholding the judgments is reversed. On remand, if the charges are retried and if Ritchie again requests "lay counsel" in the form of parental assistance, the magistrate shall evaluate the request in light of Ritchie's current age (seventeen) and his apparent capabilities.

WALTERS, C.J., and SWANSTROM, J., concur.