## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 48601

| | | |
|---|---|---|
| **RONALD L. VAN HOOK** | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | **Boise, February 2022 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: March 15, 2022** |
| | ) | |
| **STATE OF IDAHO,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Respondent.** | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Susan Wiebe, District Judge.

The decision of the district court is <u>affirmed.</u>

Ronald L. Van Hook, appellant *pro se*. Ronald L. Van Hook argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. Robert A. Berry argued.

_____

PER CURIAM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ronald Van Hook was declared a vexatious litigant pursuant to Idaho Court Administrative Rule 59 on September 20, 2017. On appeal, this Court upheld the vexatious litigant determination. *In re Prefiling Order Declaring Vexatious Litigant, Pursuant to I.C.A.R. 59*, 164 Idaho 586, 589, 434 P.3d 190, 193 (2019). Because he is a vexatious litigant, Van Hook is subject to a prefiling order, which, pursuant to Idaho Court Administrative Rule 59, requires him to seek leave from a court prior to filing new litigation *pro se*.

On January 21, 2021, "on behalf of his minor son" G.V.H., Van Hook filed a 28-page "Request for Leave to File Habeas Corpus and Juvenile Post-Conviction Relief" ("the Filing Request"). In the Filing Request, Van Hook alleged eight sets of "complaints" and asserted that numerous fundamental rights had been violated. He further requested a hearing on the Filing Request.

1

On January 26, 2021, without holding a hearing on the matter, the district court issued its Order Denying Leave to File Pleadings. The district court provided three separate bases for its denial of the Filing Request: 1) Van Hook, as a non-lawyer, could not engage in the unauthorized practice of law by representing his son in a civil court proceeding; 2) the petition for writ of habeas corpus was without merit; and 3) that Van Hook was attempting to re-litigate prior court decisions that had been finally decided against him. On January 27, 2021, the district court dismissed the case with prejudice.

Van Hook filed his Notice of Appeal on February 3, 2021. On February 9, 2021, this Court entered an Order Conditionally Dismissing Appeal, which stayed the proceedings, but allowed Van Hook time "to make application with the presiding district court judge permitting the notice of appeal to be filed, pursuant to I.C.A.R. 59(j)." The district court issued an Order Denying Leave to Appeal on February 16, 2021. However, on March 11, 2021, the district court entered an Amended Order on Leave to File Appeal, explaining that, "[a]t the time of issuing the [original] order, the [c]ourt was unaware that the Idaho Supreme Court" had instructed Van Hook "to seek leave of the district court to file an appeal." The district court granted Van Hook permission to appeal "the narrow issue of whether [the district court's] decision to deny Mr. Van Hook's motion for leave to file litigation was arbitrary and capricious and/or in violation of his due process rights." On March 18, 2021, this Court entered its Order Withdrawing Order Conditionally Dismissing Appeal and ordered that "[t]he appeal shall proceed on the narrow issue of whether the District Court's decision to deny Appellant's Motion for Leave to File Litigation was arbitrary and capricious and/or in violation of his due process rights."

At some point, in a motion not in the record before this Court, Van Hook also moved the district court to reconsider its Order Denying Leave to File Pleadings. The district court denied the motion to reconsider on February 9, 2021.

## II. STANDARD OF REVIEW

As a matter of first impression, we must first determine the standard of review which applies when this Court reviews a presiding judge's denial of a vexatious litigant's request to file new litigation pursuant to Idaho Court Administrative Rule 59(i). Rule 59(i) provides that "[a] presiding judge shall permit the filing of new litigation by a vexatious litigant subject to a prefiling order only if it appears that the litigation has merit and has not been filed for the purpose of

harassment or delay." I.C.A.R. 59(i). We conclude the appropriate standard of review under these circumstances is *de novo*.

In determining the correct standard of review to apply to the Administrative Rules in the context of vexatious litigants, this Court has previously looked to analogous court proceedings. *Telford v. Nye*, 154 Idaho 606, 609–10, 301 P.3d 264, 267–68 (2013). A decision not to permit a filing pursuant to Rule 59(i) is analogous to dismissing a case for failure to state a claim for relief pursuant to Idaho Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows civil defendants to move to dismiss the case for "failure to state a claim upon which relief can be granted[.]" I.R.C.P. 12(b)(6). This is analogous to Rule 59(i)'s requirement that the district court determine whether "the litigation has merit[.]" As such, the proper standard of review to apply when reviewing a presiding judge's denial of a vexatious litigant's request to file new litigation pursuant to Rule 59(i) is the same standard used when reviewing a district court's granting of a motion to dismiss pursuant to Rule 12(b)(6): "After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated." *Losser v. Bradstreet*, 145 Idaho 670, 673, 183 P.3d 758, 761 (2008) (quoting *Gallagher v. State*, 141 Idaho 665, 667, 115 P.3d 756, 758 (2005)). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." *Id.* (quoting *Sumpter v. Holland Realty, Inc.*, 140 Idaho 349, 351, 93 P.3d 680, 682 (2004)).

"Due process issues are generally questions of law, and this Court exercises free review over questions of law." *Neighbors for a Healthy Gold Fork v. Valley Cnty.*, 145 Idaho 121, 127, 176 P.3d 126, 132 (2007).

### III.    ANALYSIS

#### A.  The district court did not err in denying Van Hook's Filing Request.

The district court denied Van Hook's Filing Request for three distinct reasons. First, the district court found that the Filing Request was an attempt to engage in the unauthorized practice of law in violation of Idaho Code section 3-104. The district court noted that Van Hook sought to file a post-conviction action—which, while related to a criminal case, is a separate *civil* matter— on behalf of his minor son, G.V.H. The district court found that Van Hook, as a non-attorney, could not "file a petition for post-conviction relief on behalf of his son," and, therefore, the petition for post-conviction relief lacked merit.

Second, the district court found that the petition for a writ of habeas corpus also lacked merit. The district court noted that there is an exception to the prohibition on the unauthorized practice of law in the habeas context, and addressed Van Hook's request on the merits. Citing Idaho Code section 19-4202, the district court then found that "nothing presented in the motion confers jurisdiction on this [c]ourt to hear a motion for leave to file a habeas petition in his son's juvenile case" because the motion was not filed in "[t]he district court of the county in which the person is detained." The district court noted that, while "Van Hook appears to argue that decisions made in his divorce case(s) have somehow caused a confinement[,]" "it is clear from the factual allegations made by Mr. Van Hook that G.V.H. resides with him in Payette County and is otherwise not unlawfully physically restrained."

Third, the district court explicitly found that "[t]he proposed litigation has been filed for the purpose of harassment and/or delay." The district court noted that "Van Hook repeatedly discusses decisions in a plethora of cases in other jurisdictions" and "consistently focuses on perceived wrongs perpetrated by the legal community on him rather than his son." "It is clear from the allegations from Mr. Van Hook that he is attempting to re-litigate decisions that have been finally determined by courts of other jurisdictions." "In doing so, the [c]ourt f[ou]nd[] that Mr. Van Hook's overriding purpose for filing a petition for habeas and a petition for post-conviction relief is that of harassment and delay of orders Mr. Van Hook disagrees with."

    1. <u>The district court did not err in denying Van Hook's request to file a petition for post-conviction relief on behalf of his son.</u>

On appeal, Van Hook cites Idaho Code section 19-202A and argues that the district court erred in denying his request to file a petition for post-conviction relief on behalf of his minor son because "it is the right, and duty of any fit parent, to defend their child from harm." Van Hook contends that "a parent can assist his minor child in his defense at trial" but asserts "that parental assistance was never allowed at any court procedure dealing with [G.V.H.]" Van Hook argues that the district court should have either granted his request to file on his son's behalf or appointed his son legal counsel. Van Hook further states that, if he was truly attempting to participate in the unauthorized practice of law, the district court "was in error for failing to charge Van Hook with the crime it says was committed."

The State responds that the district court was correct in determining Van Hook was attempting to engage in the unauthorized practice of law because, while a parent may "assist a minor" "under certain circumstances" in a criminal case, a petition for post-conviction relief is

4

civil in nature. Because Van Hook is not an attorney, the State argues, he was unable to file a civil case on behalf of his minor son.

In reply, Van Hook asserts that, even if the district court could not charge him with the unauthorized practice of law, the district court was "required by the Judicial Cannons [sic] to report a violation to the appropriate authority… [sic] which they clearly did not." Van Hook further contends that his "son[']s juvenile proceedings were full of fraud on the court, and a malicious prosecution without effective counsel."

As an initial matter, we conclude that Van Hook has waived any argument that the district court should have appointed his son counsel because that argument was not presented to the district court below:

> "This Court has repeatedly held that pro se litigants are held to the same standards and rules as those litigants represented by an attorney." *Clark v. Cry Baby Foods, LLC*, 155 Idaho 182, 185, 307 P.3d 1208, 1211 (2013). Pro se litigants, like all other litigants, must comply with the Idaho Appellate Rules and standards of appellate practice. "Generally, 'an issue presented on appeal must have been properly framed and preserved in the court below.'" *Wood v. Wood*, 124 Idaho 12, 16–17, 855 P.2d 473, 477–78 (Ct. App. 1993) (quoting *Centers v. Yehezkely*, 109 Idaho 216, 217, 706 P.2d 105, 106 (Ct. App. 1985)); *see also* Idaho Appellate Rule (I.A.R.) 35(a). "[A]n issue not raised in an intermediate appeal will not be decided by a higher court." *Barmore v. Perrone*, 145 Idaho 340, 344, 179 P.3d 303, 307 (2008) (quoting *Craven v. Doe*, 128 Idaho 490, 493, 915 P.2d 720, 723 (1996)). The Court will not consider issues that are raised for the first time on appeal. *Sadid v. Idaho State Univ.*, 151 Idaho 932, 941, 265 P.3d 1144, 1153 (2011).

*Federal Home Loan Mortg. Corp. v. Butcher*, 157 Idaho 577, 580–81, 338 P.3d 556, 559–60 (2014) (alteration in original).

We further conclude that the district court did not err in denying Van Hook's request to file a petition for post-conviction relief on behalf of his minor child. "[W]hile a person has a right to represent himself or herself pro se, the right does not extend to the representation of other persons or entities." *Citibank (S. Dakota), N.A. v. Carroll*, 148 Idaho 254, 260, 220 P.3d 1073, 1079 (2009).

It is uncontested that Van Hook is not a lawyer and is not authorized to practice law. *See* I.C. § 3-104. As the district court noted,

> the "practice of law is defined as
>
>> the doing or performing services in a court of justice, in any matter []pending therein, throughout its various stages, and in conformity with the adopted rules of procedure. But in a larger sense, it includes legal advice and counsel, and the preparation of instruments and

contracts by which legal rights are secured, although such matter may or may not be []pending in a court.

*Idaho State Bar v. Meservy*, 80 Idaho 504, 508, 335 P.2d 62, 64 (1959) (citing *In re Matthews*, 57 Idaho 75, at page 83, 62 P.2d 578, at page 581 (1936)).

(Alterations in original.)

Van Hook points to Idaho Code section 19-202A for the proposition that he may defend his son. Section 19-202A is entitled "Defense of self, others and certain places," and is located in Title 19 of the Idaho Code, which covers criminal procedure. I.C. § 19-202A. Section 19-202A covers physical altercations:

No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary, or when coming to the aid of another whom he reasonably believes to be in imminent danger of or the victim of aggravated assault, robbery, rape, murder or other heinous crime.

I.C. § 19-202(A)(1).

Van Hook provides no real argument that the statute should be construed to apply to the district court's denial of his request on the basis that Van Hook was attempting to engage in the unauthorized practice of law. Thus, Van Hook's reliance on Idaho Code section 19-202A is misplaced.

It is an open question as to whether a minor child has a right to parental legal assistance in a post-conviction proceeding. In *State v. Ritchie*, the Court of Appeals held that parental assistance is sometimes allowed in a criminal case. 114 Idaho 528, 531, 757 P.2d 1247, 1250 (Ct. App. 1988). The court reasoned:

A minor may not be capable of representing his or her interests in court to the same extent as an adult. When a minor lacks this capability, the right of self-representation has little genuine meaning unless it is deemed to embrace the assistance of a parent or guardian. We see no cogent reason for imposing a blanket prohibition against such assistance. In fact, we surmise that many judges have allowed it. *See generally State v. Doe*, 88 N.M. 137, 537 P.2d 1399 (1975) (parent representing minor child in juvenile proceeding).

*Id.* "When a minor requests the court to allow lay assistance from a parent or guardian, the court should determine—in light of the offense charged and the apparent capabilities of the minor—whether such assistance is likely to aid the defense." *Id.* "If it is, or if the court is uncertain, the request should be granted." *Id.* "If parental assistance clearly will not aid the defense, the request may be denied with a reasoned explanation." *Id.* The request should be evaluated "in light of [the defendant's] current age [] and his apparent capabilities." *Id.*

Notably, in *Ritchie*, the minor defendant did not have appointed counsel. *Id.* at 529, 757 P.2d at 1248. It appears that Van Hook's son, G.V.H., was represented by multiple appointed attorneys in his underlying criminal case. Additionally, the minor defendant in *Ritchie*, who was seventeen years old at the time, like G.V.H. is now, personally requested the assistance of his father. *Ritchie*, 114 Idaho at 531, 757 P.2d at 1250. There is nothing in the record to show that G.V.H. personally requested his father's assistance. The Court of Appeals' decision in *Ritchie* was premised on the Sixth Amendment guarantee of counsel, which "is limited by only one exception—the individual's right to choose, albeit unwisely, to represent himself." *Id.* Thus, the *Ritchie* decision held that a child has the ability to request assistance from his parent, but did not grant parents the unfettered right to represent their child in all criminal matters. *Id.*

Furthermore, though the district court did not engage in an analysis of whether Van Hook's assistance would be likely to aid G.V.H., Van Hook is a vexatious litigant. This Court affirmed that determination, reasoning that although Van Hook "contend[ed] he had reasonable grounds for his arguments" in his many prior litigations, "Van Hook's defense of reasonable grounds contrast[ed] starkly with his numerous similar filings, as well as his use of repetitive, unfounded arguments." *In re Prefiling Order*, 164 Idaho at 591, 434 P.3d at 195. It is suggested that Van Hook's "parental assistance [would] clearly not aid" G.V.H. *See Ritchie*, 114 Idaho at 531, 757 P.2d at 1250. Therefore, even if a minor child has a right to parental legal assistance in a post-conviction proceeding—a point of law we need not decide today—the district court correctly denied Van Hook's request to file a petition for post-conviction relief on behalf of his son.

In sum, Van Hook has not established that an exception to the prohibition on the unauthorized practice of law should be made here. Thus, we hold that the district court did not err in denying Van Hook's request to file a petition for post-conviction relief on behalf of his minor son.

2. The district court did not err in denying Van Hook's request to file a petition for writ of habeas corpus.

Van Hook also argues that the district court erred in denying his request to file a petition for writ of habeas corpus because the district court mistakenly believed he had requested to file that petition on behalf of his son. Instead, Van Hook asserts, "two separate issues were being filed[:] One issue was a request for Leave to File Habeas Corpus for Ronald Van Hook, and the other was for Juvenile Post-Conviction Relief by Ronald Van Hook on behalf of his son [G.V.H.]" Van Hook argues that the district court erred in determining it did not have jurisdiction to hear the

habeas petition because the "unlawful orders being enforced against Van Hook" are being enforced in Payette County, where he filed the Filing Request. Further, Van Hook seems to contend he has an absolute right to seek a writ of habeas corpus, and the district court erred in allowing the right to habeas corpus be suspended.

The State counters that the element of "physical restraint or detainment" required to succeed on a habeas petition is lacking as to both Van Hook and his son. The State argues that G.V.H. is not "detained" because he is currently residing with Van Hook, nor has Van Hook shown himself "detained" or "physically restrained[.]" The State contends: "Restraints such as 'threat of incarceration,' 'threat of being held in contempt, which carries with [it] the threat of incarceration[,]' and threat of '[f]alse [i]mprisonment' are not physical restraints for purposes of a habeas corpus proceeding.'" Finally, the State asserts that Van Hook "appears to be continuing to litigate his divorce and child custody proceedings under the guise of a habeas corpus proceeding[.]"

In reply, Van Hook reasserts that a writ of habeas corpus is an "absolute constitutional right[.]" He contends that the orders entered against him in prior proceedings amount to false imprisonment under Idaho Code section 18-2901 because he is "required to abide by those orders under the threat of arrest." Van Hook argues that he is entitled to a writ of habeas corpus "to stop lawless state action[,]" and urges this Court "to either overturn the decision of the District Court and require it to allow [him] to petition for habeas corpus, OR for the Supreme Court to take original jurisdiction in this matter."

A writ of habeas corpus "is an extraordinary writ and one not to be used as an appellate remedy." *Application of Carpenter*, 88 Idaho 567, 574, 401 P.2d 800, 804 (1965). "The function of the writ of habeas corpus is to grant a person confined or restrained of his liberty an opportunity to question the lawfulness of his detention or restraint." *Id.* at 573–74, 401 P.2d at 804.

A person need not be a prisoner to petition for a writ of habeas corpus. I.C. § 19-4203(1). However, one must nevertheless be unlawfully restrained of his liberty in order to maintain a habeas corpus claim. Idaho Code section 19-4203(1) provides that "[a]ny person, not a prisoner as defined in section 19-4201A, Idaho Code, who believes he is unlawfully restrained of his liberty in this state may file a petition for writ of habeas corpus to request that the court inquire into the cause and/or legality of the restraint." I.C. § 19-4203(1). Idaho Code section 19-4204, titled "Application for writ of habeas corpus by a person not a prisoner," provides in full:

(1) Application for a writ of habeas corpus by a person not a prisoner shall be made by filing a petition for writ of habeas corpus in the district court of the county in which the person is restrained.

(2) The petition must be verified by the oath or affirmation of the party applying for the writ and shall specify:

(a) That the person is unlawfully restrained of his liberty;

(b) The identity and address of the person restraining the subject of the petition;

(c) The name and address of the place in which the person is restrained;

(d) A description of the facts which make the restraint illegal; and

(e) The theory of law upon which relief is sought, if known.

(3) Application under this section may be made by a guardian on behalf of a minor or by a guardian on behalf of an incapacitated person as defined in section 15-5-101, Idaho Code.

I.C. § 19-4204.

Van Hook argues that "unlawful" orders restrain his liberty because, if he disobeys the "unlawful" orders, he could be subject to arrest. However, as the State points out, Van Hook is attempting to re-litigate issues surrounding his divorce and custody proceedings. Pursuant to Idaho Code section 19-4203(5), "[h]abeas corpus shall not be used as a substitute for or in addition to proceedings available in child custody matters and proceedings under the Idaho domestic violence crime prevention act, chapter 63, title 39, Idaho Code." I.C. § 19-4203(5). We decline to allow Van Hook to transform the writ of habeas corpus into a collateral attack on already-litigated cases with which he disagrees.

Additionally, we conclude that the district court correctly denied Van Hook's request to file a writ of habeas corpus on behalf of his son. The district court found that Van Hook's Filing Request did not include "[a] description of the facts which make the restraint illegal" in violation of Idaho Code section 19-4204(2)(d). *See* I.C. § 19-4204(2)(d). On appeal, Van Hook has failed to direct us to any portion of his Filing Request where this information may be found. Therefore, we hold that the district court did not err in denying Van Hook's request to file a petition for a writ of habeas corpus on behalf of G.V.H.

3. The district court did not err in determining the Filing Request had been filed for the purpose of harassment or delay.

Finally, Van Hook argues that the district court erred in determining that he brought the Filing Request for purposes of harassment or delay because "[t]he District Court failed to state

9

who [sic] it claimed Van Hook was harassing" and did not "stat[e] exactly what was being delayed." Van Hook asserts that the district court improperly determined he was "harassing those cited in the Statement of Facts" who "did not appear to argue on their own behalf[.]" Van Hook further contends that he could not attempt to re-litigate issues because none "of those things listed [in the Statement of Facts] have been litigated in the first place."

The State argues that the district court correctly determined Van Hook was attempting to re-litigate issues that had been fully decided against him. The State notes that, not only has Van Hook asserted the same legal issue in multiple state court proceedings, but he has also litigated those same issues in federal court as well. "It is readily apparent," the State asserts, "that no matter the lack of success at the district court or appellate level in State or Federal Court that Appellant will not end his ongoing litigation from his divorce, custody, and son's juvenile proceedings." The State claims that "[t]he District Court's finding that the proposed litigation was meant as another means of harassment is well founded and not arbitrary and capricious."

In reply, Van Hook argues that "the State must have forgotten it is my right to attack a previous judgment in any court provided I am properly before the court. (And there are multiple previous court judgments I fully assert to have been made unlawfully that I will be attacking.)"

We conclude that Van Hook is, as the district court found, attempting to re-litigate issues previously decided. In his Filing Request, Van Hook alleged eight "sets of complaints." In the first set of complaints, Van Hook asserted that G.V.H. "was without effective assistance of counsel" during his underlying juvenile case. However, the basis of this assertion appears to be that his son was "kidnapped" pursuant to the custody order related to his divorce proceedings. Van Hook then explained how the custody order was "unlawful" due to "fraud on the court" by multiple attorneys and his ex-wife, and that the "fraud" prevented both him and his son "from presenting their case to the court[.]" Likewise, the second and third sets of complaints dealt exclusively with Van Hook's prior divorce and custody proceedings and all of the attorneys who purportedly wronged him throughout those proceedings.

In the fourth set of complaints, Van Hook asserted that the vexatious litigant determination was wrongly decided against him, and assigned the blame to the attorneys in his prior divorce and custody proceedings. The fifth set of complaints set out a "list of persons who have done harm to Van Hook, [G.V.H.], and Van Hook[']s children" and claimed those people—all of whom appear to be attorneys, judges, psychologists, or others associated with Van Hook's prior divorce and

10

custody proceedings—had "been given a privileged status where they are above the law" even though they had allegedly committed a long list of crimes against Van Hook and his children. The sixth set of complaints was also related to the divorce and custody proceedings: Van Hook alleged that he, "[t]hrough numerous frauds, abuses of process, deceptive tactics, unconscionable plans or schemes, and other illicit and/or unethical practices," was "prevented from seeking any civil remedy or legitimate judicial access in the State of Idaho against any person listed in the above '5th set of Complaints' for any reason."

In the seventh set of complaints, Van Hook again "assert[ed] that FRAUDS [sic] were perpetrated upon the courts where Van Hook was the unsuccessful party that had been prevented by fraud or deception from presenting all of his case to the courts[.]" Finally, in his eighth set of complaints, Van Hook asserted that the people listed in his fifth set of complaints had violated the law but that he was "prevented from having any access to the judicial system whatsoever… [sic] and as a result, criminal activity ha[d] gone unchecked and criminal activity [was] allowed to continue without any justice or recourse."

Van Hook then listed the "fundamental rights" that had been violated, much of which involved, once again, the underlying divorce and custody proceedings. For example, he claimed that he was "prevented from freely parenting his children without undue interference by the State of Idaho and/or Actors for the State of Idaho" and that his "Parental Rights ha[d] been irrevocably terminated without due process and without any cause whatsoever, by an unlawful court and actors for the State of Idaho who acted under color of law while conspiring together with members of the Idaho Bar."

Given Van Hook's Filing Request—and his assertions of error on appeal—the district court correctly determined Van Hook was attempting to re-litigate issues pertaining to his divorce and custody proceedings. Therefore, we hold that the district court did not err in determining the Filing Request had been filed for the purpose of harassment and/or delay.

**B. Van Hook's due process rights were not violated.**

The district court denied Van Hook's request for a hearing on his Filing Request, noting that Rule "59(i) does not require that the [c]ourt set a hearing." Instead, the district court entered its Order Denying Leave to File Pleadings without argument or presentation of evidence, basing its decision solely on the information in Van Hook's Filing Request and the attached "statement of facts" and affidavit.

11

On appeal, Van Hook argues that "[t]he District Court also failed, in error, to provide [him] with his day in court." Van Hook appears to make three main arguments as to why his due process rights were violated. First, Van Hook asserts that, rather than denying his request to file a petition for writ of habeas corpus, the district court should have sent the case to the Idaho Supreme Court. Second, Van Hook argues that all prior litigation attempts brought by him were "dismissed without any fair or meaningful opportunity to be heard." Third, he argues that the district court upheld the vexatious litigant order against him in violation of his "due process right of access to the courts." At no point in his opening brief does Van Hook appear to argue that the district court erred in refusing to hold a hearing on his Filing Request.

The State responds that "no Idaho Supreme Court case has addressed due process concerns in the context of Rule 59(i)[.]" The State argues that the real "due process challenge here is to the pre-filing order denying [Van Hook] leave to file new civil filings." The State notes that this Court affirmed the vexatious litigant determination on appeal, and asserts that Van Hook was awarded due process during that determination: "Appellant has already contested his vexatious status and lost."

In reply, Van Hook contends that his vexatious litigant status was determined without adherence to the federal process, which violated his due process rights.

> The Fourteenth Amendment of the U.S. Constitution guarantees procedural due process of law. The minimal requirements of procedural due process relate to notice and hearing in the deprivation of a significant life, liberty, or property interest. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72, 28 P.3d 1006, 1015 (2001). "A procedural due process inquiry is focused on determining whether the procedure employed is fair." *Id.* Due process is not a rigid doctrine; rather, it calls for such procedural protections as are warranted by a particular situation. *Id.* The procedure required is merely that to ensure that a person is not arbitrarily deprived of his or her rights. *Neighbors for a Healthy Gold Fork v. Valley Cnty.*, 145 Idaho 121, 127, 176 P.3d 126, 132 (2007). The opportunity to be heard must occur at a meaningful time and in a meaningful manner. *Id.*

*Telford*, 154 Idaho at 611, 301 P.3d at 269.

We conclude that Van Hook's first argument fails. Idaho Code section 19-4202 provides:

> The following courts of this state shall have original jurisdiction to consider a petition for writ of habeas corpus, grant the writ and/or order relief under this chapter:
>
> (1) The supreme court; or
>
> (2) The district court of the county in which the person is detained.

I.C. § 19-4202. Idaho Appellate Rule 5(a) states that "[a]ny person may apply to the Supreme Court for the issuance of any extraordinary writ or other proceeding over which the Supreme Court has original jurisdiction." I.A.R. 5(a). Thus, while the Supreme Court is within its power to exercise original jurisdiction over petitions for writs of habeas corpus generally, Van Hook never applied to the Supreme Court for such a writ. Instead, he chose to bring his Filing Request in district court. As such, his due process rights were not violated when the district court did not *sua sponte* send the case to the Idaho Supreme Court.

As to Van Hook's second argument, we conclude that the due process violations alleged to have occurred during prior litigation are not properly before this Court. As this Court explained previously, "Van Hook should have raised his due process and equal protection concerns in the litigations where he alleges the violations occurred." *In re Prefiling Order*, 164 Idaho at 590, 434 P.3d at 194. Having failed to properly raise these issues in the case where the alleged violations occurred, Van Hook is barred from raising them in any subsequent case, including this one.

As to Van Hook's third argument, we also conclude that any challenge to the process afforded Van Hook during his vexatious litigant determination is not properly before this Court in his current appeal. Van Hook previously appealed his vexatious litigant determination to this Court. *Id.* at 589, 434 P.3d at 193. He attempted "to invoke the due process clauses of the Fifth and Fourteenth Amendments" but had not raised the due process arguments below. *Id.* at 592, 434 P.3d at 196. Having failed to preserve his due process arguments in his prior case, Van Hook has forfeited his chance to assert due process violations in regard to his vexatious litigant determination.

Finally, because the State addresses the issue, we will address whether Van Hook's due process rights were violated by the district court's denial of his request for a hearing on his Filing Request. We conclude they were not. Here, Van Hook was given two substantive opportunities to be heard, first in filing his 28-page Filing Request (with 40 pages of affidavits) and again when the district court reconsidered his Filing Request. Regardless of Van Hook's belief otherwise, neither a hearing nor a trial by jury are automatically guaranteed to resolve every legal disagreement. *See Telford*, 154 Idaho at 611, 301 P.3d at 269 ("Due process is not a rigid doctrine; rather, it calls for such procedural protections as are warranted by a particular situation.").

Therefore, we hold that Van Hook's due process rights were not violated.

13

**IV.    CONCLUSION**

For the reasons discussed, we affirm the district court's denial of leave to file new litigation.

Chief Justice BEVAN, Justices BRODY, STEGNER, MOELLER and ZAHN CONCUR.